UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE CO.** | : | **DOCKET NO. 11-CV-1724** |
| **VS.** | : | **JUDGE MINALDI** |
| **CHERYL YOUNG, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Summary Judgment filed by Owens-Thomas ("Owens-Thomas") Funeral Home. Doc. 38. An opposition to the motion was filed by Glenda Young. Docs. 44, 57. After considering memoranda submitted by the parties and hearing oral argument in open court, the court RECOMMENDS that the Motion for Summary Judgment be GRANTED.

**Background**

On September 27, 2011 Metropolitan Life Insurance Company ("Met Life") filed a complaint in interpleader alleging that it issued a Federal Employees' Group Life Insurance Policy insuring the life of Daniel Robert Young, Sr. ("Decedent"). It named as defendants in interpleader decedent's surviving children, his surviving spouse, and Owens-Thomas. The decedent died on April 2, 2011 and the life insurance benefits payable at the time of death totaled $39,000 plus interest.

The life insurance policy beneficiary designation dated March 30, 2009, named decedent's six children, Cheryl R. Young, Yvonne Young, Glenda K. Young, Vivian D. Young-

Bennett[1], Daniel R. Young, Jr., and Carmoleta Young-Chapman, as co-equal beneficiaries. Doc. 1, att. 1, p. 1.  A previous beneficiary designation form dated March 22, 1993, named Artichia T. Young, his spouse, and his daughter, Carmoleta Young as co-equal beneficiaries. Dec. 1, att. 1, p. 2.

Following decedent's death, Met Life received a letter from Artichia T. Young which stated in part, "I am respectfully requesting an investigation be opened on my deceased spouse's Life Insurance Policy because I believe the beneficiary was changed fraudulently by one of his daughters AFTER he suffered a severe stroke leaving him physically and mentally incapacitated." Doc. 1, att 1, p. 27.

As it was unable to resolve the competing claims and determine the proper beneficiaries, Met Life filed the instant proceeding and deposited the proceeds from the Federal Employees' Group Life Insurance Policy into the registry of the court in order for the court to make the determination of who is entitled to the life insurance proceeds.  Met Life was subsequently dismissed from the lawsuit. Doc. 24.

On April 6, 2011, Glenda K. Young-Jones, Cheryl R. Young, Carmoleta Young-Chapman, Daniel R. Young, Jr. and Yvonne Young each signed an "Irrevocable Policy Assignment" assigning $6,299 of the proceeds of the life insurance policy to Owens-Thomas to cover the cost of decedent's funeral services. Doc. 1, att. 1, p. 4.  Owens-Thomas now seeks summary judgment awarding it that amount from the proceeds on deposit with the court.

## Law and Analysis

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex*

---

[1] Vivian D. Young-Bennett predeceased the decedent.

*Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ." *Id.*

In its motion for summary judgment Owens-Thomas argues that the assignment executed on April 6, 2011 by the surviving children of the decedent entitles it to judgment awarding it $6,299. It contends that the children are the beneficiaries of the life insurance proceeds under the beneficiary designation dated March 30, 2009 and as such had authority to execute the assignment. Alternatively, Owens-Thomas argues that if the court should find that the March 22, 1993 beneficiary designation is valid, Carmoleta Young's[2] signature on the assignment is sufficient to award judgment in its favor.

In support of its motion, Owens-Thomas submits an affidavit of Chiquita Thomas, the managing partner of the funeral home in which she confirms that the funeral home conducted all of the funeral services for decedent and incurred the cost of $6,299. Doc. 38, att. 1, p. 1-2. She

---

[2] Carmoleta Young is a 50% co-beneficiary on the March 22, 1993 life insurance beneficiary designation.

further submits that according to the assignment executed by the children of decedent, the funeral home is entitled to be paid out of the funds of the Federal Employees' Group Life Insurance Policy on deposit with the court. *Id.*, Doc. 38, att. 2.

An opposition to the motion for summary judgment was filed by Glenda Young appearing in proper person. Docs. 44, 57[3]. The arguments in her opposition appear to focus on the claim of Artichia T. Young and the validity of the March 30, 2009, beneficiary designation rather than Owens-Thomas' right to recover its funeral expenses. In fact, at the hearing on the motion held on March 12, 2013, before the undersigned, Ms. Glenda Young stated that she had no objection to Owens-Thomas's motion for payment of its expenses.

The court thus finds that there is no genuine issue for trial and a grant of summary judgment is warranted.

## Conclusion

For these reasons, the court recommends that the Motion for Summary Judgment filed by Owens-Thomas Funeral Home be GRANTED and that Owens-Thomas Funeral Home be paid the sum of $6,299 out of the funds on deposit with the registry of this court.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar**

---

[3] Both documents contain essentially the same facts; however doc. 57 was executed before a notary public.

**an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 20th day of March, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE