UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE CO. | : | DOCKET NO. 11-CV-1724 |
| VS. | : | JUDGE MINALDI |
| CHERYL YOUNG, ET AL | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

A hearing was held before the undersigned on April 25, 2013, on a Motion to Show Cause filed by Artchia Thomas-Young.  Doc. 62, 64.  In her motion, Artchia Thomas-Young alleges that she should be declared the proper beneficiary of a life insurance policy issued to her late husband Daniel Robert Young, Sr. ("Decedent").  She contends that Glenda K. Young-Jones, Cheryl R. Young, Carmoleta Young-Chapman, Daniel R. Young, Jr. and Yvonne Young, decedent's children, induced decedent into signing a new beneficiary designation naming them as beneficiaries when he was mentally incapable of doing so.  Thus, the issue before the court was whether Artchia Thomas-Young proved by clear and convincing evidence that the decedent lacked capacity to contract at the time he re-designated the beneficiaries on his life insurance policy.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 for the issuance of proposed findings of fact and conclusions of law.  For the reasons that follow, the court RECOMMENDS that judgment should issue herein in favor of Glenda K. Young-Jones, Cheryl R. Young[1], Carmoleta Young-

---

[1] Cheryl R. Young died during the pendency of this litigation.  Her son, Marcus Young attempted to assert a claim on behalf of his deceased mother.  Doc. 31.  However, this court notes that he has not followed the procedure to substitute himself as a proper party and is therefore not considered a party to this action.  *See* Fed. R. Civ. P. 25.

Chapman, Daniel R. Young, Jr. and Yvonne Young awarding each their share of the proceeds of the life insurance policy per the beneficiary designation signed on March 30, 2009, and against Artchia Thomas-Young, dismissing her claim with prejudice.

## **Background**

On September 27, 2011, Metropolitan Life Insurance Company ("Met Life") filed a complaint in interpleader alleging that it issued a Federal Employees' Group Life Insurance ("FEGLI") Policy insuring the life of decedent. It named as defendants in interpleader decedent's surviving children, his surviving spouse, and Owens-Thomas Funeral Home. The decedent died on April 2, 2011, and the life insurance benefits payable at the time of death totaled $39,000 plus interest.

The life insurance policy beneficiary designation dated March 30, 2009 named decedent's six children, Cheryl R. Young, Yvonne Young, Glenda K. Young, Vivian D. Young-Bennett[2], Daniel R. Young, Jr., and Carmoleta Young-Chapman, as co-equal beneficiaries.[3] A previous beneficiary designation form dated March 22, 1993 named Artchia Thomas-Young and his daughter Carmoleta Young as co-equal beneficiaries.[4]

Following decedent's death, Met Life received a letter from Artchia Thomas-Young which stated in part, "I am respectfully requesting an investigation be opened on my deceased spouse's Life Insurance Policy because I believe the beneficiary was changed fraudulently by one of his daughters AFTER he suffered a severe stroke leaving him physically and mentally incapacitated." Doc. 1, att 1, p. 27.

As it was unable to resolve the competing claims and determine the proper beneficiaries,

---

Cheryl R. Young's share of the proceeds should enure to the benefit of her estate and should be paid upon presentation to the court of proof proper probate proceedings have been had.
[2] Vivian D. Young-Bennett predeceased the decedent.
[3] The beneficiary designation was admitted into evidence at the hearing as Court #2.
[4] The beneficiary designation was admitted into evidence at the hearing as Court #1.

Met Life filed the instant proceeding and deposited the proceeds from the FEGLI Policy into the registry of the court in order for the court to make the determination of who is entitled to the life insurance proceeds. Met Life was subsequently dismissed from the lawsuit. Doc. 24.

A Motion for Summary Judgment filed by Owens-Thomas Funeral Home was granted by judgment signed on April 25, 2013, thereby satisfying its claim against the insurance proceeds.[5] Doc. 69. The competing claims of decedent's surviving spouse and his children are before the court for determination.[6]

After having considered the pleadings filed herein, the evidence presented at the hearing and the arguments of the parties, the court hereby enters the following proposed findings of fact and conclusions of law. To the extent that any finding of fact constitutes a conclusion of law, the court hereby adopts it as such, and to the extent that any conclusion of law constitutes a finding of fact, the court hereby adopts it as such.

### Findings of Fact

Decedent died on April 2, 2011. At the time of his death the beneficiaries of the FEGLI life insurance policy were his six children. One child, Vivian D. Young-Bennett, predeceased the decedent. Another child, Cheryl Young, died during the pendency of this litigation.

On March 6, 2009, a Petition for the Interdiction of decedent was filed by Artchia Thomas-Young in the 33rd Judicial District Court, State of Louisiana, Allen Parish. Doc. 1, att. 1, pp. 5-8. The documents filed in these proceedings do not indicate that a judgment was ever signed declaring decedent an interdict.

Decedent executed two separate beneficiary forms in connection with the FEGLI policy.

---

[5] Owen's-Thomas Funeral Home was awarded judgment in the amount of $6,299 for expenses associated with the burial of decedent.

[6] Although Carmoleta Young would share in a greater benefit under the March 22, 1993 designation, she was present and indicated at the hearing that she was not challenging decedent's capacity to re-designate the beneficiaries on March 30, 2009.

The first was executed on March 22, 1993, and named his spouse, Artchia Thomas-Young and his daughter, Carmoleta Young as co-equal beneficiaries under the policy.  On March 30, 2009, decedent executed a re-designation of beneficiaries on the insurance policy.  This designation named Cheryl Young, Yvonne Young, Glenda Young, Vivian Young-Bennett, Carmoleta Young-Chapman, and Daniel Young, Jr. as co-equal beneficiaries.

It is Artchia Thomas-Young's position that the decedent lacked the legal capacity to change the beneficiary on his life insurance policy on March 30, 2009.  Thus, she contends that the life insurance proceeds should be dispensed in accordance with the March 22, 1993 designation.  At the hearing on April 25, 2013 Artchia Thomas-Young was the only witness to testify.  The court finds her testimony credible to a great extent but nonetheless finds it insufficient to satisfy her burden.

Based on the testimony presented, the court finds that decedent suffered two strokes, one in 2001 and another in 2002.  The second stroke caused altered speech, an impaired ability to use his left side, an inability to dress himself, and impaired vision.  His condition worsened over time; he needed assistance with feeding, at times had difficulty recognizing people, and at some point was taking eighteen different medications.  In order to help care for decedent, he was placed in a nursing home in Oakdale, Louisiana in 2008 and was eventually moved to another nursing home in Baton Rouge, Louisiana where he was living at the time of his death.

## Conclusions of Law

In reviewing decedent's competency to re-designate a beneficiary the court must look to La. Civ. Code art. 1926 which provides:

> A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when the contract is gratuitous, or it evidences lack of

> understanding, or was made within thirty days of his death, or when application for interdiction was filed before his death.

La. Civ. Code Ann. art. 1926

It is not disputed and evidence in the record indicates that an interdiction proceeding was filed on March 6, 2009, although never brought to judgment. Thus, under art. 1926 Artchia Thomas-Young has the right to present evidence of incapacity of the decedent. The capacity to contract is presumed, however, and evidence of lack of capacity to contract must be proved by clear and convincing evidence. La. Civ. Code Ann. art. 1918; *Lincoln Ben. Life Co. v. Kelly*, 2012 WL 2156976 (M.D. La. June 13, 2012), *citing Skannal v. Bamburg,* 33 So.2d 227 (La.App. 2 Cir.2010); *Atkins v. Bridgewater,* 803 So.2d 290 (La.App. 2 Cir.2001).

To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. *In re Succession of Crawford*, 923 So.2d 642, 647 (La.App. 1 Cir. 2005), *writ denied,* 926 So.2d 511 (La.2006). "Where doubt exists as to the showing of an exception, the presumed capacity to contract prevails." *First Nat'l Bank v. Williams,* 346 So.2d 257, 264 (La.App. 3d Cir.1977).

At the hearing the only evidence presented was the testimony of Artchia Thomas-Young which has been summarized above in the findings of fact.[7] The court finds that this evidence falls woefully short of clear and convincing proof that on March 30, 2009, decedent lacked the mental capacity to contract. Although the testimony indicated that decedent was "deteriorating" following his stroke in 2002, there is nothing that would indicate to this court that decedent lacked the mental capability to understand what he was signing at the time he re-designated the beneficiaries. There is a complete lack of any evidence from anyone who was privy to the

---

[7] Artchia Thomas-Young attempted to introduce certain medical records into evidence at the hearing. Noting that the records were not certified, the court sustained an objection to their admission made by the children of decedent.

March 30, 2009 re-designation and a complete lack of any facts relevant to his mental condition on that specific date and time.

## Conclusion

The court finds that Artchia Thomas-Young has failed to meet her burden of proving that decedent lacked the capacity to contract on March 30, 2009, the date on which he executed the re-designation of life insurance beneficiaries. Accordingly, the court RECOMMENDS that judgment issue herein in favor of Glenda K. Young-Jones, the estate of Cheryl R. Young, Carmoleta Young-Chapman, Daniel R. Young, Jr. and Yvonne Young awarding each their share of the proceeds of the life insurance policy per the beneficiary designation signed on March 30, 2009 and against Artchia Thomas-Young dismissing her claim with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 14th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE